

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 12 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STATE OF MISSISSIPPI *ex rel.*
JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI,

CASE NO.: 1:14cv243LG-JMR

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC.,

Defendant.

## NOTICE OF REMOVAL

Defendant Experian Information Solutions, Inc. ("Experian") hereby gives notice of the removal of this civil action from the Chancery Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi. This action is removable because it presents substantial federal questions over which this Court has original jurisdiction. *See* 28 U.S.C. §§ 1331, 1341.

## INTRODUCTION AND BACKGROUND

1. On May 16, 2014, the State of Mississippi ("State of Mississippi"), through its Attorney General Jim Hood, filed a complaint ("Complaint") against Experian in the Chancery Court of Harrison County, Mississippi (Case No. 14-1212(4)) ("State Court Action").

2. Experian received the Complaint on May 16, 2014 and a copy of the summons on May 27, 2014. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

3. Copies of all process, pleadings, and orders received by Experian are attached as Exhibit A and incorporated by reference. *See* 28 U.S.C. § 1446(a); Local R. 5(b); Administrative Procedures section 3B(2).[1]

4. Promptly after the filing of this Notice of Removal, Experian will provide notice to the State of Mississippi through the attorney(s) of record identified in the Complaint and will file a copy of this Notice with the Clerk of the Chancery Court of Harrison County, Mississippi, pursuant to 28 U.S.C. § 1446(d).

## THIS COURT HAS ORIGINAL JURISDICTION OVER THIS CASE

5. A case may be removed to a federal court if it could have been brought in that federal court originally. 28 U.S.C. § 1441(a). Federal courts have original federal question jurisdiction over all civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. This Court has original jurisdiction over this action because the Complaint, on its face, purports to assert claims under two federal statutes: (i) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (*see* Complaint Claims II-VII); and (ii) the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5536(a)(1)(B) ("Dodd Frank Act") (*see* Complaint Claim VIII).

## FEDERAL QUESTION JURISDICTION

7. The State of Mississippi's FCRA and Dodd Frank claims arise under the laws of the United States. Thus, removal is appropriate pursuant to federal question

---

[1] Included in Exhibit A are: (i) a redacted copy of the Complaint that the State of Mississippi filed publically in the State Court Action; (ii) an order authorizing the State of Mississippi to file an unredacted copy of the Complaint under seal ("State Court Sealing Order"); (iii) a summons to Experian; and (iv) the State of Mississippi's First Request for Production of Documents. Consistent with the State Court Sealing Order, and to protect confidential and proprietary information, Experian will seek leave to file the unredacted Complaint under seal as soon as it is able to do so electronically. *See* Local R. 79(b); Administrative Procedures section 6A(2)(A).

jurisdiction. 28 U.S.C. §1441(a); *Washington v. Direct Gen. Ins. Agency*, 130 F.Supp.2d 820, 824 (S.D. Miss. 2000) (lawsuits brought in state court under the FCRA are removable pursuant to federal question jurisdiction).

8. This Court also has federal question jurisdiction over the State of Mississippi's claim under the Mississippi Consumer Protection Act ("MCPA") (Claim I), which is based almost entirely on "the acts and practices that violate the FCRA discussed herein." (*See* Compl. ¶ 169 [alleging that "all of the acts and practices that violate the FCRA discussed herein constitute unfair and deceptive practices or acts under the Mississippi Consumer Protection Act"]; *see also* Compl. ¶¶ 165-167 [alleging same violations as alleged in FCRA claims]). Because the State of Mississippi's "right to relief" under its MCPA claim is expressly based on a disputed federal question, removal of the MCPA claim to this Court is proper. *See French v. Emc Mortg. Corp.*, 2014 U.S. App. LEXIS 8105 (5th Cir. 2014) (affirming removal of state claim asserting relief for violations of federal statute); *see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (U.S. 2005) (affirming removal where violation of federal statute was essential element of state claim).

## SUPPLEMENTAL JURISDICTION

9. In addition to federal question jurisdiction over the MCPA claim, this Court has supplemental jurisdiction over that claim. Pursuant to 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims are considered part of the "same case or controversy" as other claims when they derive from a common nucleus of fact. *See Davis v. Dep't of Health & Hosp.*, 195 F. App'x 203, 205 (5th Cir. 2006) (affirming

3

supplemental jurisdiction over state law claim where a substantial number of factual issues were common to both state and federal claims.)

10. As discussed above, the State of Mississippi's federal claims under the FCRA and Dodd Frank and its state law claim under the MCPA derive from a common nucleus of operative fact, premised on alleged violations of statutory duties under the FCRA and Experian's alleged deceptive conduct towards consumers. As such, this Court has supplemental jurisdiction over the state court claim, and removal of the entire case to this Court is proper.

WHEREFORE, Experian having demonstrated that this Court may properly exercise jurisdiction over this matter, and having timely provided this Notice of Removal, the above-entitled action is hereby removed from the Chancery Court of Harrison County, Mississippi to this Court.

Dated: June 12, 2014

Respectfully submitted,

By: /s/ F. E. Henson
F. Ewin Henson, III, MSB No. 2363

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Greenwood, Mississippi, 38930
Telephone: (662) 455-1613
Email: ehenson@upshawwilliams.com
Counsel for Defendant
*EXPERIAN INFORMATION SOLUTIONS, INC.*

## **CERTIFICATE OF SERVICE**

This is to certify that I have caused to be mailed on this date, first-class postage prepaid, a true and correct copy of the foregoing Corporate Disclosure Statement to the following:

Geoffrey Morgan, Esq.
George W. Neville, Esq.
Mary Jo Woods, Esq.
S. Martin Millette, Esq.
Special Assistant Attorneys General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205

Wynn E. Clark, Esq.
Law Firm of Wynn E. Clark
2510 16th Street
Gulfport, MS 39501

Dated: June 12, 2014

F. Ewin Henson, III, MSB No. 2363

LAI-3216017